1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KASH REGISTER,

11          Petitioner,                    No. CIV S-05-1084 DFL DAD P

12       vs.

13   STEVE MOORE, et al.,

14          Respondents.             ORDER

15   _____/

16          Petitioner is a state prisoner proceeding pro se with a habeas petition challenging

17   the decisions of the California Board of Parole Hearings[1] on May 9, 2002, and May 22, 2003,

18   denying petitioner a parole date.  On February 24, 2006, respondents' motion to dismiss the

19   petition was denied without prejudice, and respondents were ordered to file a new response to the

20   petition not later than thirty days after a decision by the Ninth Circuit Court of Appeal in the

21   appeal filed in Sass v. California Board of Prison Terms, 376 F. Supp. 2d 975 (E.D. Cal. 2005).

22          On August 31, 2006, the Ninth Circuit ruled that the district court's holding in

23   Sass was based on a misreading of In re Dannenberg, 34 Cal. 4th 1061 (2005).  Sass v. California

24

25          [1] Effective July 1, 2005, California's Board of Prison Terms was abolished and replaced with
     the Board of Parole Hearings.  Cal. Penal Code § 5075(a) (West 2006) ("As of July 1, 2005, any
26   reference to the Board of Prison Terms . . . refers to the Board of Parole Hearings.").

1

1    Board of Prison Terms, ___ F.3d ___, No. 05-16455, 2006 WL 2506393, at *3 (9th Cir. Aug. 31,

2    2006).  The Ninth Circuit concluded that "Dannenberg does not explicitly or implicitly hold that

3    there is no constitutionally protected liberty interest in parole."  Id.  Accordingly, "California

4    inmates continue to have a liberty interest in parole after In re Dannenberg."  Id. at *1.  Under

5    clearly established Supreme Court authority, "'California's parole scheme gives rise to a

6    cognizable liberty interest in release on parole.'"  Id. at *3 (quoting McQuillion v. Duncan, 306

7    F.3d 895, 902 (9th Cir. 2002)).  The liberty interest exists even for prisoners who have not yet

8    been granted a parole date.  Id. (citing Biggs v. Terhune, 334 F.3d 910, 915 (9th Cir. 2003)).

9                    Accordingly, IT IS ORDERED that:

10                   1.  Respondents' new response to petitioner's habeas petition shall be filed and

11   served on or before October 2, 2006.  See Rule 4, Fed. R. Governing § 2254 Cases.  An answer

12   to the petition shall be accompanied by all transcripts and other documents relevant to the issues

13   presented in the habeas petition.  See Rule 5, Fed. R. Governing § 2254 Cases;

14                   2.  If the new response to petitioner's habeas petition is an answer, petitioner's

15   reply, if any, shall be filed and served within thirty days after the answer is served; and

16                   3.  If the new response to petitioner's habeas petition is a motion, petitioner's

17   opposition or statement of non-opposition to the motion shall be filed and served within thirty

18   days after the motion is served, and respondents' reply, if any, shall be filed and served within

19   fifteen days after petitioner's opposition is served.

20   DATED: September 5, 2006.

21

22                                                          _____

23                                                          DALE A. DROZD
                                                            UNITED STATES MAGISTRATE JUDGE

24   DAD:13
     regi1084.resp

25

26

                                                2